# Exhibit A

VM

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                OF THE TRIAL COURT
                                                DOCKET NO. 2584CV00296  C

**MARY TAMER,**
    **Plaintiff,**

v.

**EDUCATION REFORM NOW**
**ADVOCACY, EDUCATION REFORM**
**NOW, and DEMOCRATS FOR**
**EDUCATION REFORM,**
    **Defendants.**

### AFFIDAVIT OF ACCEPTANCE OF SERVICE

I, Tara E. Lynch, hereby affirm that I have been authorized by the Defendants, Education Reform Now Advocacy, Education Reform Now, and Democrats for Education Reform, to accept service on their behalf of the following documents relative to the above referenced matter, and that I hereby do accept service of the same:

1. Summons;
2. Complaint;
3. Civil Action Cover Sheet; and
4. Civil Tracking Order.

By accepting service herein, Defendants do not waive any other defenses except those relating to service of process.

Signed:     /s/ Tara Lynch                              Dated: 3/25/2025

            Tara E. Lynch (BBO# 677831)
            Gordon Rees Scully Mansukhani, LLP
            28 State Street, Suite 1050
            Boston, MA 02109
            Tel: (857) 504-202
            Email: tlynch@grsm.com

| Summons | CIVIL DOCKET NO. 2584CV00296 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Mary Tamer  vs.  Education Reform Now Advocacy; Education Reform Now; Democrats for Education Reform Plaintiff(s) Defendant(s) | | John E. Powers III  Suffolk   Acting Clerk of Courts   County  COURT NAME & ADDRESS: Suffolk Superior Civil Court Three Pemberton Square Boston, MA. 02108 |

THIS SUMMONS IS DIRECTED TO  Democrats for Education Reform  (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

   b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: Michael L. Mason, Esq., Bennett and Belfort, P.C., 24 Thorndike Street, Suite 300, Cambridge, MA 02141

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti , Chief Justice on _____, 20___ , (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____    Signature: _____

**N.B. TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _____

rev. 1/2023

ER

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, ss. | SUPERIOR COURT DEPARTMENT<br>OF THE TRIAL COURT |

MARY TAMER,
Plaintiff

v.

EDUCATION REFORM NOW
ADVOCACY; EDUCATION REFORM
NOW; and DEMOCRATS FOR
EDUCATION REFORM,
Defendants.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### PARTIES

1. The Plaintiff, Mary Tamer, is an individual residing in West Roxbury, Massachusetts.

2. The Defendants, Education Reform Now Advocacy (ERNA), Education Reform Now (ERN), and Democrats for Education Reform (DFER) (collectively "Respondents") are affiliated entities with a headquarters at 276 5th Avenue, Suite 704 #915, New York, New York 10001.

### FACTS OF THE COMPLAINT

3. Ms. Tamer began her employment with the Defendants on March 21, 2022, as the Massachusetts Executive Director. Her initial compensation included an annual base salary of $190,000, which increased to $195,700 by 2024.

4. Ms. Tamer received the maximum possible bonus payment of $15,200 in 2023, reflecting her solid performance and value to the Organization. Throughout her tenure, Ms. Tamer consistently received outstanding performance reviews, including "Exceeds

1

Expectations" ratings in both 2022 and 2023. Ms. Tamer was an excellent performer for the Defendants.

5. In April of 2023, the Organization hired Jorge Elorza to serve as CEO.

6. Soon after Mr. Elorza's hiring, reports began to surface of Mr. Elorza asking younger female employees how old they were in a condescending manner. Within three months of Mr. Elorza's arrival, COO Shakira Petit left the Organization. Shortly afterwards, CFO Sheri Adebiyi was terminated after questioning Mr. Elorza's financial decision-making.

7. In October of 2023, at an all-staff retreat in Nashville, additional incidents occurred, including Mr. Elorza asking women about their ages and subjecting them to dismissive treatment. In stark contrast, male employees, including male executive directors, were treated well by Mr. Elorza, their opinions valued and their roles protected.

8. Both before and after the October retreat, Ms. Tamer reached out to Human Resources to speak confidentially about her concerns regarding Mr. Elorza's leadership and treatment of women, especially older women.

9. On November 1, 2023, board members Marlon Marshall and John Petry sent an email to all staff acknowledging the toxic culture and announcing plans to engage an external expert for a culture audit. In January, 2024, the Board received a highly damning report from HR investigator Ritu Pancholy. Soon thereafter, presumably as a result of the report and the organization's response thereto, Board member and organizational founder Charlie Ledley and then Board Chair Marlon Marshall resigned. Upon information and belief, Mr. Ledley told the Board that Mr. Elorza should be terminated based on the contents of the report.

2

10. After inquiring about Mr. Elorza's decision to join a Koch-funded right-wing coalition that seemed contrary to the organization's best interests and mission, Robert Stephens called Ms. Tamer into a "feedback" meeting. Ms. Tamer immediately emailed Human Resources to express her concern that this meeting was in retaliation for her questioning Mr. Elorza's decision and would stymie the open expression of leadership to act to promote ERN-ERNA.

11. Ms. Tamer subsequently reached out to Human Resources a number of times to report additional discriminatory and hostile actions by senior leadership. In May, she was called into another retaliatory "corrective feedback" session.

12. After receiving her mid-year review in June, 2024, Ms. Tamer made a number of reports to Human Resources in August about disparaging comments from senior leadership and demonstrably false statements in her review. Those statements included that "team members noted capacity is an issue" and that Ms. Tamer's executive management skills were deficient. This review, drafted by Mr. Stephens, also implied that Ms. Tamer did not do enough to engage others and "build bridges," which is a false distortion of her actual performance and conduct. Though she was rated "Meets Expectations," the review relied on mischaracterizations of her performance and represented an artificially low rating. She had historically received "Exceeds Expectations" ratings, and was similarly meeting or exceeding her goals in 2024. In addition, for the second consecutive year, Ms. Tamer's outstanding work was nominated for a national award by the PIE (Policy Innovators in Education) Network. In October 2024, Ms. Tamer won this award for "Best Collaboration" based on national voting from peer organizations around the country.

3

13. On September 4, 2024, the Defendants terminated Ms. Tamer's employment in a Zoom meeting with Jorge Elorza, Robert Stephens, and Thaddecia Smith. The Defendants recorded this meeting but did not share the recording with Ms. Tamer. She was told the organization is going in a "different strategic direction." This decision, and its justification, do not comport with reality, given that Ms. Tamer was in the midst of leading an important statewide ballot initiative in Massachusetts, a key element of the local organization's mission.   Ms. Tamer's email access was immediately cut off, and she was told to take the next 5 days off.

14. After unjustly terminating Ms. Tamer's employment, the Organization shamelessly tried to strong arm her into signing a "consulting agreement." It appended the consulting contract to a separation agreement (with a release) and informed Ms. Tamer she was required to sign it within five days – in violation of her statutory rights to consider the proposal for 21 days as required under the Age Discrimination in Employment Act (ADEA).  The organization premised this consulting agreement on Ms. Tamer signing a release – this was the only manner Ms. Tamer would be permitted to continue work on the statewide ballot initiative.

15. Asking Ms. Tamer to continue her current work as a consultant is a clear sign that ERN-ERNA did not really wish to go "in a different direction' and is evidence of pretext for discrimination. The Organization has effectively conceded that it actually intends to continue in the same direction, as further demonstrated by the fact that it seeks to replace Ms. Tamer with an Executive Director who will perform substantially the same scope of work.

4

16. Ms. Tamer is one of several women in leadership positions who have been terminated or pushed out by the Defendants. That list includes Jen Walmer, Amy Dowell, Nicki Golos, Tykia Warden, and Tania de Sa Campos.

17. After terminating Ms. Tamer due to a claimed need to go in a "different direction," the Defendants published a job posting that is nearly identical to Ms. Tamer's job description. The only differences are a minor change in title and two tasks that are regional in nature. Ms. Tamer possesses all of the published qualifications.

18. Ms. Tamer complied with procedural prerequisites by filing an action at the Massachusetts Commission Against Discrimination prior to instituting this action.

## COUNTS OF THE COMPLAINT

### -COUNT ONE-
### DISCRIMINATION

19. The Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

20. Ms. Tamer is the member of two protected classes based on her gender and age. She performed her job duties acceptably, but suffered adverse actions by the Defendants.

21. The Defendants took adverse actions against Ms. Tamer due to her age and/or gender.

22. As a result of the Defendants' actions, the Plaintiff has suffered damages.

### -COUNT TWO-
### RETALIATION

23. The Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

24. Ms. Tamer engaged in protected activity under Chapter 151B, as described above.

5

25. The Defendants took adverse actions against Ms. Tamer, and there is a causal connection between her protected activity and the Defendants' adverse actions.

26. As a result of the Defendants' actions, the Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Mary Tamer, hereby prays that this Honorable Court issue judgment in her favor and grant the following relief:

1. Compensatory damages;
2. Multiple damages under Chapter 151B;
3. Attorney's fees;
4. Costs;
5. Prejudgment interest;
6. Postjudgment interest; and
7. Such further relief as the Court deems fair and just.

## JURY DEMAND

The Plaintiff hereby demands a TRIAL BY JURY as to each claim and issue so triable.

Respectfully submitted,
Mary Tamer, Plaintiff
By her attorneys;

*/s/ David E. Belfort*                                    Dated: February 3, 2025

David E. Belfort (BBO# 634385)
dbelfort@bennettandbelfort.com
Michael L. Mason (BBO# 662244)
mmason@bennettandbelfort.com
Bennett & Belfort, P.C.
24 Thorndike St. #300

6

Cambridge, MA 02141
617-577-8800

7

FORM 1

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|
| PLAINTIFF(S) Mary Tamer | | DEFENDANT(S) Education Reform Now Advocacy; Education Reform Now; and Democrats for Education Reform |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Michael L. Mason, Bennett & Belfort, P.C., 24 Thorndike Street, Suite 300, Cambridge, MA 02141, Tel: 617-577-8800 Board of Bar overseers number: 662244 | | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup. Ct. C.231, s. 104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C(X)
[ ] 4. F04 District Court Appeal C.231, s. 97 & 104 (After trial) (x)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60)(x)
[ ] 6. E10 Summary process Appeal (x)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (Specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | ([X]) Yes   ( [ ] ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . . . . . . . . . . . . . .
  2. Total doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . . . . . . . . . . . . . .
  3. Total chiropractic expenses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . . . . . . . . . . . . . .
  4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . . . . . . . . . . . . . .
  5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . . . . . . . . . . . . . .
                                                                                               **Subtotal** $. . . . . . . . . . . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . . . . . . . . . . . . . .
C. Documented property damages to date. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . . . . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . .$. . . . . . . . . . . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . . . . . . . . . . . . . .
F. Other documented items of damages (describe)
                                                                                                       $. . . . . . . . . . . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Defendant discriminated and retaliated against Plaintiff in violation of M.G.L. c. 151B.
                                                                                               $. . . . . . . . . . . . . . . . . . . . .
                                                                                        **TOTAL** $ 375,000.00+

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                                                        **TOTAL** $. . . . . . . . . . . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  Date: 2/3/2025

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2584CV00296 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Tamer, Mary vs. Education Reform Now Advocacy et al | | John E Powers, III<br>Suffolk County Civil |
| TO: Michael L Mason, Esq.<br>Bennett and Belfort, P.C.<br>24 Thorndike St<br>Suite 300<br>Cambridge, MA 02141 | | COURT NAME & ADDRESS<br>Suffolk County Superior Court - Civil<br>Suffolk County Courthouse, 12th Floor<br>Three Pemberton Square<br>Boston, MA 02108 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/05/2025 | |
| Response to the complaint filed (also see MRCP 12) | | 06/03/2025 | |
| All motions under MRCP 12, 19, and 20 | 06/03/2025 | 07/03/2025 | 08/04/2025 |
| All motions under MRCP 15 | 06/03/2025 | 07/03/2025 | 08/04/2025 |
| All discovery requests **and depositions** served and non-expert depositions completed | 12/01/2025 | | |
| All motions under MRCP 56 | 12/30/2025 | 01/29/2026 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/29/2026 |
| Case shall be resolved and judgment shall issue by | | | 02/03/2027 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 03/06/2025 | Michael O'Loughlin | (617)788-8172 |