## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARY TAMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 1:25-cv-10854-AK |
| | ) | |
| EDUCATION REFORM NOW ADVOCACY; | ) | |
| EDUCATION REFORM NOW; and | ) | |
| DEMOCRATS FOR EDUCATION REFORM, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendants, Education Reform Now Advocacy ("ERNA"), Education Reform Now ("ERN"), and Democrats For Education Reform ("DFER", collectively "Defendants"), by and through their attorneys, hereby answer Plaintiff Mary Tamer's ("Plaintiff's") Complaint as follows:

### PARTIES[1]

1.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in this paragraph, and deny them on that basis.

2.  Denied as drafted. ERNA's proper name is Education Reform Now Advocacy, Inc. ERNA is a not-for-profit corporation. ERN's proper name is Education Reform Now, Inc. ERN is a not-for-profit corporation. DFER is a political action committee. Defendants state they have a mailing address at 276 5th Avenue, Suite 704, #915, New York, New York 10001. The allegation that Defendants are "affiliated entities" is a

---

[1] Within this Answer, Defendants include the section headings set forth in the Complaint for efficiency and clarity. To the extent that any heading asserts, or is intended to assert, allegations with respect to Defendants, Defendants deny such allegations.

conclusion of law to which no answer is required. To the extent an answer is required, that allegation is denied. Defendants deny the remaining allegations in this paragraph.

## FACTS OF THE COMPLAINT

3. Denied as drafted. Defendants deny that Plaintiff was employed by "Defendants." Plaintiff was a W-2 employee of ERNA and was not employed by ERN or DFER. Defendants admit the remaining allegations of this paragraph.

4. Defendants deny the allegations of this paragraph as drafted, as the word "Organization" is capitalized but not defined, and Defendants deny that they jointly employed Plaintiff or constitute a single "Organization." Notwithstanding the vagueness of that term, Defendants admit that Plaintiff received a bonus payment of $15,200 in 2023 and that she received "Exceeds Expectations" ratings in 2022 and 2023. Defendants specifically deny that Plaintiff "consistently received outstanding performance reviews" or "was an excellent performer." Defendants deny the remaining allegations of this paragraph.

5. Defendants deny the allegations of this paragraph as drafted, as the word "Organization" is capitalized but not defined. Notwithstanding the vagueness of that term, Defendants admit that Mr. Elorza was hired to serve as CEO in 2023. Defendants deny the remaining allegations of this paragraph.

6. Defendants deny the allegations of this paragraph as drafted, as the word "Organization" is capitalized but not defined. Notwithstanding the vagueness of that term, Defendants admit former-COO Shakira Petit resigned from ERNA in July 2023, but deny that she resigned for the reasons alleged in Paragraph 6. Defendants admit that former-CFO Sheri Adebiyi was separated from ERNA in October 2023, but deny that she was separated for the reasons alleged in Paragraph 6. Defendants deny the

remaining allegations of the paragraph.

7. Defendants admit there was a retreat in Nashville in or about October 2023. Defendants deny that Mr. Elorza treated male and female employees different because of their sex or gender identity. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and, on that basis, deny the same.

8. Defendants admit that, before and after the October retreat, Plaintiff reached out to Human Resources, but deny that she sought to speak about concerns regarding "Mr. Elorza's leadership and treatment of women, especially older women."

9. Defendants admit that, on November 1, 2023, Marlon Marshall sent an all-staff email that referenced an intent to engage an external expert to conduct a culture audit. Defendants deny that the email admitted a "toxic culture." Defendants admit they engaged in an audit conducted by Ritu Pancholy. Defendants deny they received the results from the audit in January 2024; the results were received in March 2024. Defendants deny the allegations regarding the content of the audit. Defendants admit that Charlie Ledley and Marlon Marshall resigned from their Board positions but deny that those resignations were due to the reasons alleged by Plaintiff in this paragraph. Defendants are without sufficient knowledge or information to admit or deny whether Charlie Ledley made statements regarding Mr. Elorza as alleged in this paragraph, and, on that basis, deny the same.

10. Defendants admit that Plaintiff emailed Human Resources regarding an alleged feedback meeting with her supervisor Robert Stephens. Defendants admit there was a meeting between Plaintiff and Mr. Stephens in or about February 2024, but deny that the purpose of the meeting was retaliatory. Defendants state the remaining allegations of the paragraph refer to a February 20, 2024 email, which speaks for itself and requires

no response from Defendants. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph and in the referenced email.

11. Defendants deny that Ms. Tamer was called into a "'retaliatory' corrective feedback session" in May 2024. Defendants admit that Plaintiff reached out to Human Resources after February 2024 to make complaints, but deny Plaintiff's allegations to Human Resources or that there were any discriminatory or retaliatory actions by Defendants.

12. Defendants state the allegations of the Paragraph refer to reports Plaintiff allegedly made and her mid-year review, which reports and review speak for themselves and require no response from Defendants. To the extent that a response is required, Defendants deny those allegations set forth in this paragraph and the content of the "reports" Plaintiff made to Human Resources. Defendants state the review was an accurate representation of Plaintiff's performance and conduct. Defendants deny Plaintiff met expectations in 2024. Defendants deny Plaintiff personally was nominated for or won the PIE award.

13. Defendants admit Plaintiff was informed that her employment would be terminated during a September 4, 2024 meeting with Mr. Elorza, Mr. Stephens, and Thaddecia Smith. Defendants admit that the meeting was recorded and that Ms. Tamer was not provided a copy of the recording. Defendants admit that Plaintiff was informed that Defendants had undergone a strategic planning process, which included a shift to a national impact strategy, and that it was seeking greater alignment throughout the organization as part of this process and was terminating Plaintiff's employment. Defendants admit that Plaintiff's email access was terminated following a meeting in which she was informed her employment was ending, and that she was then provided with five business days of paid leave in advance of the September 13, 2024 termination

date.

14. Defendants deny the allegations of this paragraph as drafted, as the word "Organization" is capitalized but not defined. Notwithstanding the vagueness of that term, Defendants admit that ERNA presented Plaintiff with a Consulting Agreement for her to continue to do discrete work on a statewide ballot initiative in anticipation of the November 2024 elections as part of an overall transition package, but deny the remaining allegations set forth in this paragraph.

15. Defendants deny the allegations of this paragraph as drafted, as the word "Organization" is capitalized but not defined. Notwithstanding that vagueness of that term, denied.

16. Denied.

17. Denied.

18. This paragraph sets forth conclusions of law to which no response is required or necessary. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

## COUNTS OF THE COMPLAINT

### -COUNT ONE-
### DISCRIMINATION

19. Defendants reassert and incorporate herein all previous paragraphs.

20. This paragraph sets forth conclusions of law to which no response is required or necessary. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

21. Denied.

22. Denied.

### -COUNT TWO-

## RETALIATION

23. Defendants reassert and incorporate herein all previous paragraphs.

24. This paragraph sets forth conclusions of law to which no response is required or necessary. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

25. Denied.

26. Denied.

## PRAYER FOR RELIEF

Defendants state the Paragraph beginning with "WHEREFORE" constitutes a summary of the relief Plaintiff seeks, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## JURY DEMAND

Defendants state this Paragraph constitutes a Complaint for a jury trial, to which no response is required. Defendants also demand a jury trial.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a proper basis for jurisdiction.

## **THIRD AFFIRMATIVE DEFENSE**

The claims are barred by the statute of limitations.

## **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust all administrative remedies.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff is not entitled to punitive, exemplary or liquidated damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to attorneys' fees and/or costs.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's claims are subject to the doctrines of laches, waiver, estoppel, discharge in bankruptcy, the statute of frauds and/or failure to satisfy a condition precedent or subsequent, Plaintiff's claims are barred.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff mitigated, minimized or avoided any damages allegedly sustained, any economic damages against Defendants must be reduced by that amount. In addition, to the extent Plaintiff failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any economic damages against Defendants must be barred.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

All actions taken toward Plaintiff were taken in good faith for legitimate, lawful and non-discriminatory and non-retaliatory business reasons, were reasonably necessary for the normal operation of Defendants' business and were based on job-related factors consistent with business necessity.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands and other equitable principles.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants are not liable to the extent any individual employee acted outside the course and scope of his or her employment.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's own conduct was the proximate cause of any damages she sustained.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Defendants discover information that would have resulted in Plaintiff's termination had she remained employed, then Plaintiff's damages must be reduced pursuant to the doctrine of after-acquired evidence.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she has released Defendants from any liability and/or acknowledged an accord and satisfaction of the claims alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations and/or claims against Defendants are barred because there is no private right of action for some and/or all of Plaintiff's claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are insubstantial, frivolous, and/or brought in bad faith, and, as such, Defendants are entitled to their fees and costs in defending this action pursuant to Mass. Gen. Laws c. 231, § 6F.**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has been damaged, said damage was caused by the acts and/or omissions of persons or entities for whose conduct Defendants are neither legally liable nor responsible.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants acted with immunity and/or their acts were protected by statute.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims fail pursuant to the Legitimate Business Interest Privilege.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims fail as Defendants acted in good faith at all relevant times.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims fail as Plaintiff has not alleged and is unable to prove scienter, specifically motive or means, by Defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants reserve their right to timely supplement these affirmative defenses as may be permitted by the applicable rules.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of this Complaint, and that the Complaint be dismissed with prejudice:

2. That Defendants be awarded its costs and expense of suit, including attorney's fees;

3. That judgment be entered in favor of Defendants; and

4. For such other and further relief as may be just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Education Reform Now Advocacy, Education Reform Now, and Democrats for Education Reform, |
|  | By their attorneys, |
|  | */s/ Tara E. Lynch* <br> Tara E. Lynch, Esq. (BBO# 677831) <br> Gregory E. Henninger, Esq. (BBO# 704222) <br> Gordon Rees Scully Mansukhani, LLP <br> 28 State Street, Suite 1050 <br> Boston, MA 02109 <br> tlynch@grsm.com <br> ghenninger@grsm.com |
| Dated: July 18, 2025 |  |

## **CERTIFICATE OF SERVICE**

      I, Tara E. Lynch, hereby certify that on July 18, 2025, a copy of the foregoing document was filed through the ECF system sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                                               */s/Tara E. Lynch*
                                                                               Tara E. Lynch